IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24-CR-000155 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| THOMAS O. TAYLOR, | ) | |
| | ) | **(ORAL HEARING REQUESTED)** |
| Defendant. | ) | |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE OF WITNESS MICHAEL ANDERSON'S DEATH

Now comes Defendant, Thomas O. Taylor, by and through the undersigned counsel, and hereby respectfully moves this Honorable Court for an order excluding all evidence of witness Michael Anderson's death pursuant to the Federal Rules of Evidence – Fed. R. Evid. 401 and Fed. R. Evid. 403. A Memorandum in Support, setting forth the basis of Defendant's request, is attached hereto and incorporated herein by reference.

Respectfully submitted,

*/s/ Joseph P. Morse*
JOSEPH P. MORSE (0073298)
323 W. Lakeside Avenue, Suite 220
Cleveland, Ohio 44114
Phone: (216) 241-0520
Fax: (216) 241-6961
Email: jpm@jmorse-law.com
*Attorney for Defendant*

## MEMORANDUM IN SUPPORT

### I. FACTUAL BACKGROUND

On May 1, 2024, the Defendant, Thomas O. Taylor ("Mr. Taylor"), was indicted on one count of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). (R. 10).

On August 1, 2024, the Government filed a Superseding Indictment, which indicted Mr. Taylor on one count of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); three counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and two counts of Maintaining a Drug Premises, in violation of 21 U.S.C. §§ 856(a)(1). (R. 33).

On March 5, 2025, the Government filed a Second Superseding Indictment, which indicted Mr. Taylor on one count of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); three counts of Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); one count of Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); two counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); two counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); two counts of Maintaining a Drug Premises, in violation of 21

U.S.C. § 856(a)(1); two counts of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (R. 58).

Prior to Mr. Taylor's initial indictment, a preliminary hearing was held on April 10, 2024. During this preliminary hearing, the Government called task force officer, FBI Task Force Officer Shaun Stanton to testify. During Mr. Stanton's direct examination by the Government, the following testimony was elicited:

> Q: I'm going to hand you what's been marked as Government's Exhibit A.
> Q: Are you familiar with that?
> A: Yes.
> Q: Just – you don't have to tell us what's in it, but what is it?
> A: It's a synopsis report from the Cleveland Police Department.
> Q: And is it – what crime does it talk about?
> A: Homicide.
> Q: Okay. Now, what day were the execution of these warrants?
> A: Monday, April 1st.
> Q: Okay. And the victim in this homicide report, was the victim at one of the residences that was searched during these four executions?
> A: He was.
> Q: Okay. And this report talks about police responding Sunday, April 7th, 2024; is that correct?
> A: Yes.
> Q: And that person was shot approximately 13 times to the head?
> A: Yes. I have found out, though, that they only recovered 11 casings.
> Q: Okay. But multiple gunshots to the head?
> A: All to the head.
> Q: And it occurred where?
> A: Directly in front of the residence we searched as he got home from the bar where he worked.
> Q: All right. And he did not survive, correct? No, he did not.

(R. 16).

Additionally, on May 13, 2024, the Government filed a Motion for Protective Order pertaining to its disclosures to all defendants. (R. 11: Motion for Protective Order). The Government argued that the discovery involved confidential informants' statements and their

personally identifiable information ("PII") – such as names, social security numbers, addresses, etc. – and due to an inability to redact PII, there was good cause for a protective order and good cause to withhold discovery until closer to trial. This motion was granted the following day. (R. 14). On August 2, 2024, defense counsel filed a Motion to Vacate the Protective Order, arguing Mr. Taylor's defense is prejudiced as a result of the unreasonable restrictions. (R. 34).

On August 5, 2024, the Government filed a Response in Opposition to Defendant's Motion to Vacate the Protective Order. (R. 35). Within this motion, as part of the factual background, the Government stated the following:

> On April 1, 2024, after an extensive investigation completed by the FBI's Cartel, Gang, Narcotics, and Laundering (CGNL) Task Force and Southeast Area Law Enforcement (SEALE) Detectives that utilized numerous established investigative methods, investigators executed search warrants on four residences. At the Dove Avenue residence, investigators found Michael Anderson present along with several kilograms of narcotics and industrial pill presses. Anderson was not arrested and cooperated with police. Six days later, Anderson was brutally murdered at the Dove Avenue residence. Indictments were filed against Taylor on May 1, 2024, and June 27, 2024.

(R. 35).

In both these instances, the Government has introduced the alleged murder of Mr. Michael Anderson in an effort to imply Mr. Taylor was involved, despite failing to lay any foundation or present any evidence of such. As of the writing of this motion, there have been no complaints filed against Mr. Taylor relative to this alleged murder. Any evidence relative to Mr. Anderson's death would be irrelevant to the charges in this instant case as it would not make any material fact more or less probable, and the danger of unfair prejudice would substantially outweigh any probative value. Therefore, Mr. Taylor respectfully requests this Honorable Court to issue an order excluding all evidence of witness Michael Anderson's death pursuant to the Federal Rules of Evidence – Fed. R. Evid. 401 and Fed. R. Evid. 403.

## II.     LAW & ARGUMENT

### A.  Federal Rule of Evidence Procedure 401 Bars the Admission of Evidence Relative to Witness Michael Anderson's Death.

Federal Rule of Evidence 401 provides that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. It is not mandatory that every piece of evidence explicitly prove or disprove an element of an alleged offense; however, it is essential that evidence at least be "'a step on one evidentiary route to the ultimate fact.'" United States v. Hazelwood, 979 F.3d 398, 409 (6th Cir. 2020), *citing* Old Chief v. United States, 519 U.S. 172, 178-79, 117 S. Ct. 644, 649 (1997).

In United States v. Hazelwood, the Defendant, charged with wire fraud and mail fraud conspiracy, appealed the district court's decision to permit the Government to play audio recordings wherein Defendant was heard using deeply offensive racist and misogynistic language. 979 F.3d 398, 402 (6th Cir. 2020). The Sixth Circuit held that the admission of these recordings failed to standard of relevancy, as this evidence in no way related to any of the elements of the offenses in which the Defendant was charged. *Id.* at 409. The court held that "there is simply no 'route' on which the recordings make it more likely that Hazelwood committed fraud." *Id.*

Here, any mention of the death of Mr. Michael Anderson is wholly irrelevant to the matter before the Court. The charges against Mr. Taylor pertain exclusively to drug trafficking offenses, and there is no evidence connecting Mr. Anderson's death to the alleged conduct at issue nor the elements required to prove this alleged conduct. The Government has not charged Mr. Taylor in connection with Mr. Anderson's death, nor has it established any nexus between

the two. Similar to <u>Hazelwood</u>, in this case, Mr. Anderson's death does not make any fact of consequence more or less probable, and is irrelevant under the applicable rules of evidence. Accordingly, any reference to this matter should be excluded at trial to ensure a fair proceeding.

### B. Federal Rule of Evidence Procedure 403 Bars the Admission of Evidence Relative to Witness Michael Anderson's Death.

Federal Rule of Evidence 403 provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Sixth District Court of Appeals has held that "the decision to admit relevant, but potentially prejudicial, evidence is committed to the sound discretion of the trial court." <u>United States v. Delroy</u>, 884 F.2d 581 (6th Cir. 1989).

Here, the probative evidence of Mr. Anderson's death, although irrelevant, will be substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. Introducing evidence of Mr. Anderson's death during Mr. Taylor's trial would allow the Government to imply—without offering any direct evidence—that Mr. Taylor was responsible for this death. Allowing the jury to draw such an inference would inflame their passions and improperly suggest that Mr. Taylor is capable of committing a homicide, thereby increasing the likelihood that they will convict him of the charged drug trafficking offenses based on impermissible character evidence rather than actual proof.

### III.   CONCLUSION

WHEREFORE Defendant, Thomas O. Taylor, respectfully moves this Honorable Court for an order excluding all evidence relative to the death of witness Michael Anderson.

Respectfully submitted,

*/s/ Joseph P. Morse*
JOSEPH P. MORSE (0073298)
323 W. Lakeside Avenue, Suite 220
Cleveland, Ohio 44114
Phone: (216) 241-0520
Fax:    (216) 241-6961
Email: jpm@jmorse-law.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing was filed via the Court's electronic filing system on this 28th day of April, 2025 and served electronically to all parties involved via the PACER electronic service system.

*/s/ Joseph P. Morse*
JOSEPH P. MORSE (0073298)
*Attorney for Defendant*