IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR155 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS TAYLOR, | ) | GOVERNMENT'S RESPONSE IN |
| | ) | OPPOSITION TO DEFENDANT'S IN |
| Defendant. | ) | LIMINE TO EXCLUDE EVIDENCE OF |
| | ) | MICHAEL ANDERSON'S DEATH |

Now comes the United States of America, by and through its counsel, Carol M. Skutnik, Acting United States Attorney, and Payum Doroodian, Assistant United States Attorney, and hereby responds in opposition to Defendant Thomas Taylor's latest motion, a motion *in limine* to exclude evidence of Michael Anderson's death. (R. 62: Motion in Limine, PageID 480-486). For reasons set forth below, this Court should deny Taylor's motion.

## I. FACTUAL BACKGROUND

On April 1, 2024, after an extensive investigation completed by the FBI's Cartel, Gang, Narcotics, and Laundering (CGNL) Task Force and Southeast Area Law Enforcement (SEALE) Detectives that utilized numerous established investigative methods, investigators executed search warrants on four residences, including a residence on Dove Avenue, which was where Thomas Taylor manufactured significant quantities of fentanyl and methamphetamine pills.

During the course of the investigation, law enforcement identified Michael Anderson as the owner of the Dove Avenue residence and his presence was often observed at the residence by officers. Anderson was also known to be an employee of Thomas Taylor. As such, Anderson was identified as a target and one of Taylor's many co-conspirators.

During the execution of the warrant on Dove Avenue, Anderson was present and provided a voluntary recorded interview, which has since been provided to defense. This interview was significant to the investigation as it provided details of how Taylor used the residence on Dove Avenue to manufacture narcotics as well as who helped Taylor in his drug trafficking operation. Anderson also provided consent for his phone to be searched, and that phone evidence has also since been provided to defense. Because Anderson himself was not believed to be directly selling narcotics and he had little criminal history, Anderson was not arrested. Taylor, however, was the only co-conspirator caught and arrested by law enforcement on April 1, 2024.

On the evening of April 6, 2024, as Anderson was walking back up to his residence on Dove Avenue, Anderson was ambushed and shot approximately 13 times in the head. Shortly thereafter, Cleveland Police opened a homicide investigation that is still ongoing.

On April 28, 2025, Thomas filed a motion *in limine* seeking to exclude all evidence of Anderson's death, specifically that Anderson was murdered, and Taylor was involved in the murder. Taylor argues that such evidence is irrelevant and further that the risk of unfair prejudice substantially outweighs the probative value of such evidence.

II.     **LAW AND ARGUMENT**

The standard for showing relevancy under Fed R. Evid 401 is "extremely liberal." *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006); quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992). "Evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence' is relevant." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) (quoting Fed. R. Evid. 401). Thus, "even if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if

it has the slightest probative worth.'" *DXS, Inc. v. Siemens Med. Sys.*, 100 F.3d 462, 475 (6th Cir. 1996) (quoting *Douglass*, 956 F.2d at 1344).

Even if evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. "'In reviewing the trial court's decision for an abuse of discretion, appellate court[s] review the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.'" *Black v. Ryder/P.I.E. Nationwide, Inc*., 15 F.3d 573, 587 (6th Cir. 1994) (quoting *Laney v. Celotex Corp*., 901 F.2d 1319, 1320-21 (6th Cir. 1990)).

During trial in this case, the United States does not intend to argue that Taylor murdered or ordered the murder of Michael Anderson. However, Anderson's significance to the investigation and his role in the conspiracy as the person who watched the residence where Taylor made his narcotics will be presented through law enforcement witnesses. Specifically, investigators will testify that Anderson lived at Dove Avenue and communicated regularly with Taylor, that Taylor was present at Dove Avenue when Taylor was pressing pills, and that Taylor traveled directly from Dove Avenue to the location of the controlled buys. Further, investigators will testify that they interviewed Anderson during the search warrant, and that interview assisted law enforcement in its search process and the investigation into the conspiracy. Investigators will also testify to the evidence found on Anderson's cell phone.

It is of no insignificant consequence that despite Anderson's role in the conspiracy, Anderson was murdered and unavailable to testify at trial or be charged as a co-conspirator. If this Court disallows any evidence of Anderson's death at trial, this opens the door for defense to inaccurately paint the picture that law enforcement caught the wrong guy, i.e. Taylor, and let the real drug dealer who had all the drugs and drug making equipment, i.e. Anderson, remain free and uncharged.

The United States seeks to present evidence of Anderson's death for the purpose of showing the scope of the investigation, how it developed witnesses and obtained evidence, why Anderson cannot testify at trial or be charged, and to rebut inaccurate claims that law enforcement failed to pursue Anderson and instead unfairly focused on charging Taylor. This evidence has probative worth to ensure the jury correctly understands how law enforcement investigated, identified, and pursued Taylor and his co-conspirators (including Anderson), obtained evidence, and secured witnesses in this case. In addition, as the United States concedes that it will not argue to the jury that Taylor murdered Anderson, the risk of substantial unfair prejudice is extremely small. Accordingly, this Court should deny Taylor's motion based on the limited grounds that Taylor raised in his motion.

### III. CONCLUSION

For the foregoing reasons the United States respectfully requests that this Honorable Court deny Taylor's Motion.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney

By:  /s/ Payum Doroodian
Payum Doroodian (DC: 1035376)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3739
(216) 522-7499 (facsimile)
Payum.Doroodian@usdoj.gov