IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR155 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS TAYLOR | ) | UNITED STATES' TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Carol M. Skutnik, Acting United States Attorney, and Payum Doroodian, Assistant United States Attorney, and respectfully submits the following trial brief in accordance with this Court's Trial Order.

I.    **SUMMARY OF FACTS**

On April 1, 2024, after an extensive investigation completed by the FBI's Cartel, Gang, Narcotics, and Laundering (CGNL) Task Force and Southeast Area Law Enforcement (SEALE) Detectives that utilized numerous established investigative methods and four controlled buys, investigators executed search warrants on four residences utilized by Thomas Taylor.[1] In those residences, authorities found significant quantities of fentanyl, methamphetamine, cocaine, firearms, cash, and heavy-duty drug manufacturing equipment, including pill presses and kilogram presses.

After Taylor was arrested, Taylor placed several calls to individuals who asked Taylor "who the snitch was." On another call on April 6, 2024, Taylor told the caller that Taylor knew

---

[1] The United States hereby incorporates the facts set forth in its Response to Defendant's Motion to Suppress herein. (*See* R. 30: Response to Defendant's Motion, PageID 204-220.)

Michael Anderson told the police that the pill presses and kilogram presses were Taylors, and Taylor was most worried about what was found in that house (Dove Avenue). One day later, Michael Anderson was murdered outside the Dove Avenue residence where the pill presses and kilogram presses were found.

On May 1, 2024, a grand jury returned an indictment against Taylor charging him with Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). (R. 10: Indictment, PageID). On March 5, 2025, a grand jury returned a second superseding indictment against Taylor charging him with thirteen counts of violating federal drug and firearms laws. (R. 33: Second Superseding Indictment).

## II.     CONTROLLING LAW

In the Second Superseding Indictment, Defendant is charged in Count 1 with conspiracy to possess with intent to distribute and distribution of controlled substances, in violation 21 U.S.C. § 846. To sustain its burden of proof for this crime, the United States must prove all of the following elements beyond a reasonable doubt:

> 1:  Two or more persons conspired, or agreed to possess with intent to distribute controlled substances
>
> 2:  That the defendant knowingly and voluntarily joined the conspiracy.
>
> Sixth Circuit Pattern Criminal Jury Instructions, 2024 Edition, Section 14.05

Defendant is charged in Counts 2-5 with Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  To sustain its burden of proof for this crime, the United States must prove all of the following elements beyond a reasonable doubt:

> 1:  The defendant knowingly [or intentionally] distributed a controlled substance.
>
> 2:  That the defendant knew at the time of distribution that the substance was a controlled substance.

Sixth Circuit Pattern Criminal Jury Instructions, 2024 Edition, Section 14.02A.

In Counts 6-10, Defendant is charged with Possession with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  To sustain its burden of proof for this crime, the United States must prove all of the following elements beyond a reasonable doubt:

1:  The defendant knowingly [or intentionally] possessed a controlled substance.

2:  The defendant intended to distribute this controlled substance.

Sixth Circuit Pattern Criminal Jury Instructions, 2024 Edition, Section 14.01.

In Counts 11-12, Defendant is charged with Maintaining a Drug Premises, in violation of 21 U.S.C. § 856(a)(1).  To sustain its burden of proof for this crime, the United States must prove all of the following elements beyond a reasonable doubt:

1:  The defendant knowingly used and/or maintained a place; and

2. The defendant did so for the purpose of manufacturing and/or distributing a controlled substance.

Sixth Circuit Pattern Criminal Jury Modified Instructions, 2024 Edition.

Finally, in Count 13, Defendant  is charged with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  To sustain its burden of proof for this crime, the United States must prove all of the following elements beyond a reasonable doubt:

1.  That the defendant had been convicted of a crime punishable by imprisonment for more than one year;

2.  That the defendant, following his conviction, knowingly possessed the firearm specified in the Indictment;

3.  That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

4.  That the specified firearm crossed a state line prior to the alleged possession.

Sixth Circuit Pattern Criminal Jury Instructions, 2024 Edition, Section 12.01.

## III.   POTENTIAL EVIDENTIARY ISSUES

### A.   DEFENDANT'S STATEMENTS ARE SUBSTANTIVELY ADMISSIBLE UNDER RULE 801(d)(2) ONLY WHEN OFFERED BY THE GOVERNMENT.

#### 1.   The Government can seek to admit Defendant's out-of-court statements, but Defendant cannot.

The Government intends to admit some of Defendant's out-of-court statements for the truth of the matters asserted, primarily through audio and video recordings.

Out-of-court statements made by a party-opponent are excluded from the definition of hearsay under Rule 801(d)(2), but this exception does not apply when the same statements are offered by the party himself.  The party-opponent exception reflects the fact that the adversarial process allows the party-declarant to rebut his or her own admissions by testifying at trial.  *See United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005).  This exception does not, however, extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses.  *See United States v. Payne*, 437 F.3d 540, 547-48 (6th Cir. 2006).  Precluding a defendant from eliciting inadmissible hearsay statements does not violate the Confrontation Clause.  *See United States v. Ford*, 761 F.3d 641 (6th Cir. 2014).

Therefore, the Government respectfully requests that the Court prohibit defendant from introducing any of his out-of-court statements at trial.

### B.   ADMISSIBILITY OF AUDIO/VIDEO RECORDINGS

As indicated above, the United States will introduce the audio/video recordings of controlled buys, phone calls, and jail calls. Generally, the admission of audio and video recordings in evidence is subject to the rules of evidence.  Accordingly, a proper foundation must be laid for their admission, and the recordings must be relevant and not privileged.  Where practical, the original recordings should be used, pursuant to Fed. Rule 1002, and when

telephone conversations are involved, evidence should be offered as to the correct telephone number, Rule 901(b)(6). *United States v. Watson*, 594 F.2d 1330, 1335 (10th Cir.), *cert. denied, Brown v. United States*, 444 U.S. 840 (1979). However, under Fed. Rule 1003, a duplicate is admissible to the same extent as an original unless there is a genuine question about the authenticity of the original or it would be unfair to admit the duplicate. The Sixth Circuit has discussed what necessary foundation for a tape recording is:

> While we have not in our prior cases indicated precisely what foundation is necessary to admit audiotapes where the challenge is to their admission generally, other circuits have alternately held that the district court must be satisfied that the recording is accurate, authentic, and generally trustworthy, that simply required is proof that the tape recording accurately reflects the conversation in question, or that a proper foundation may be established in two ways: a chain of custody… or alternatively, other testimony could be used to establish the accuracy and trustworthiness of the evidence.

*United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004) (citations and quotation marks omitted).

### C.     THE JURY SHOULD NOT BE INFORMED OF THE CONSEQUENCES OF ITS VERDICT.

If convicted in this case, Defendant faces a lengthy, mandatory term of imprisonment. Defendant may endeavor to educate the jury on the potential ramifications of a guilty verdict in this case with the hope of obtaining jury nullification. The Sixth Circuit has firmly rejected such a strategy: "[U]nless juries have roles in sentencing, such as in capital sentencing proceedings, juries should be instructed not to consider defendants' possible sentences during deliberation." *United States v. Chesney*, 86 F.3d 564, 574 (6th Cir. 1996). *See also United States v. Stotts*, 176 F.3d 880, 886 (6th Cir. 1999) ("the Supreme Court has held that juries should be instructed not to consider a defendant's possible sentence unless the jury has a specific role in sentencing"). The Supreme Court explained the reasoning behind insulating the jury from possible penalties in a case.

5

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States*, 512 U.S. 573, 579 (1994). Accordingly, Defendant should not be permitted to distract and confuse the jury by inviting the jury to decide the issue of guilt with the knowledge of this sentencing issues or collateral immigration consequences.

The Government moves this Court, *in limine*, to prohibit Defendant from eliciting any testimony or making any argument that may directly or indirectly inform the jury of sentencing options or endeavor to engender sympathy for Defendant.  In so moving, the Government is asking the Court to direct counsel to conduct such examination so as to truly question about bias and not merely inform the jury of the potential sentences Defendant faces.

      D.     INADMISSIBLE OUT-OF-COURT HEARSAY STATEMENTS CANNOT BE ADMITTED AT TRIAL

While Taylor was in custody, a separation order was in place with co-defendant Noreece Young. Despite this, Taylor communicated with Young often and told Young that he would get a lawyer for Young and otherwise take care of him. Around January-February 2025, Taylor asked Young to write a false letter stating that Taylor had nothing to do with trafficking narcotics. Young agreed, wrote the letter and provided it to Taylor. The letter had a stamp of a notary, but it was not signed by the notary, it was not dated, and there is no attestation or oath that accompanied the letter. After Young gave Taylor the letter, Taylor returned to Young and asked him to address the letter to Young's attorney in Young's handwriting. Young complied and

6

Taylor mailed out the letter. Immediately after Young's attorney received the letter, Young's attorney asked Young if it was true, and Young stated that the letter was totally false. Young then ripped up the letter, unaware that Taylor made a copy before mailing it.

On June 30, 2025, the United States submitted a letter to Taylor's attorney stating that despite making 6 total requests for reciprocal discovery throughout the past year, no reciprocal discovery was ever received from Taylor. Taylor's attorney responded the same day and provided reciprocal discovery in this case. This included Young's letter above. At this time, it is unclear if Taylor intends to admit the letter into evidence or simply question Young about the letter during cross-examination if Young testifies.

Assuming the former, the Government moves this Court, *in limine*, to prohibit Taylor from admitting the letter into evidence as it is inadmissible hearsay without an exception. Rule 801(c) of the Federal Rules of Evidence defines hearsay as a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." In this case, Taylor seeks to admit hearsay, that is, an out-of-court statement for the truth of the matter asserted therein, i.e. that Taylor was not involved in drug trafficking.

No exception or exemption exists for the hearsay Taylor seeks to admit. Specifically, Rule 801(d)(2) of Federal Rules of Evidence would not apply as the statement is not offered against the defendant and was not made by a co-conspirator during and in furtherance of the conspiracy. Instead, the statement was made 10 months *after* the conspiracy ended and under the direct influence of the Defendant while incarcerated with Young. Finally, there is no exception that applies in Rule 803, 804, or 807. For these reasons, this Court should deny Taylor's attempt to admit the letter as inadmissible hearsay should he seek to do so.

**IV.**  <u>**GOVERNMENT REPRESENTATIVE AND SEPARATION OF WITNESSES**</u>

The United States respectfully requests that this Court issue a separation-of-witness order pursuant to Fed. R. Evid. 615 and designates Detective Shaun Stanton as its representative in this case to be present at counsel table throughout the trial.  His presence in the courtroom during trial is essential to the presentation of the United States' case.  *See* Fed. R. Evid. 615(b) (specifically excluding from a sequestration order "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"); Fed R. Evid. 615(c) (providing an additional exception for essential witnesses).

**V.**  <u>**CONCLUSION**</u>

The Government anticipates that the parties will confer on the issues identified above, and further anticipates that the parties may be able to resolve any disputes without the Court's intervention.  For any issues on which disputes remain and arise at trial, for the foregoing reasons, the Government requests that the Court rule in accordance with the above points and authorities.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney


By:  /s/ Payum Doroodian
Payum Doroodian (DC: 1035376)
Assistant United States Attorney
United States Court House
801 W Superior Ave, Suite 400
Cleveland, OH 44113
(216) 622-3739
(216) 522-2403 (facsimile)
Payum.Doroodian@usdoj.gov