IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:24-cr-00155 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| THOMAS O. TAYLOR | ) | |
| | ) | |
| Defendant. | ) | |

_____

**DEFENDANT'S SENTENCING MEMORANDUM**
_____

Now comes Defendant, Thomas O. Taylor, by and through the undersigned counsel, and hereby respectfully submits the within Defendant's Sentencing Memorandum. As set forth below, Mr. Taylor believes the factors set forth in 18 U.S.C. § 3553(a) demonstrate that a Guidelines sentence would be sufficient but not greater than necessary to serve the purposes of sentencing.

Respectfully submitted,

 */s/ Joseph P. Morse*
JOSEPH P. MORSE (0073298)
323 W. Lakeside Avenue, Suite 220
Cleveland, Ohio 44114
Phone: (216) 241-0520
 Fax:  (216) 241-6961
Email: jpm@jmorse-law.com
*Attorney for Defendant*

1

**SENTENCING MEMORANDUM**

I. **STATEMENT OF THE CASE**

Defendant, Mr. Thomas O. Taylor (hereinafter "Mr. Taylor") appeared before this Court and, on July 9, 2025, entered a plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Counts 1–12 of the Second Superseding Indictment.

According to both the Plea Agreement and the Presentence Investigation Report (PSR), these counts include:

- Count 1: Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.
- Counts 2, 3, and 5: Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.
- Count 4: Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.
- Counts 6 and 8: Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2.
- Counts 7 and 9: Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).
- Count 10: Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).
- Counts 11 and 12: Maintaining a Drug Premises, in violation of 21 U.S.C. § 856(a)(1).

Under the Rule 11(c)(1)(C) agreement, the parties jointly recommend a sentencing range of 188 to 210 months' imprisonment, a disposition the defense submits is reasonable, appropriate, and sufficient under 18 U.S.C. § 3553(a).

Throughout the investigation, no violence was attributed to Mr. Taylor, and there are no identifiable victims under the governing statute. He has been detained since his arrest on April 4, 2024, and there is no indication of misconduct while in custody.

Mr. Taylor is a 43-year-old father of four who grew up in an environment marked by violence, instability, and substance abuse. He has struggled with a lifelong gambling addiction and long-term substance misuse, including fentanyl-laced opioids and ecstasy. His history includes successful completion of cognitive behavioral therapy and substance abuse treatment programs, and he has expressed a sincere desire to participate in RDAP and further rehabilitation while incarcerated.

## II. GUIDELINES LEVELS

### A. Presentence Report (PSR) Calculation

The PSR calculates a Total Offense Level of 39 and a Criminal History Category of IV, yielding an advisory Guidelines range of 360 months to life.
The PSR's calculation includes:

- Base Offense Level 36 (drug weight 30,000–90,000 kg converted)
- +2 for possession of a firearm
- +2 for maintaining drug premises
- +2 for aggravating role (leader/organizer)

3

- –3 for acceptance of responsibility

— **Total: 39**

### B. Plea Agreement Calculation (Rule 11(c)(1)(C))

The parties have agreed that the correct adjusted offense level is 37 and have stipulated that an appropriate sentence lies between 188 and 210 months. This stipulation:

- Removes the 2-level role enhancement
- Leaves the Criminal History Category at IV
- Provides and agreed upon sentencing range of 188–210 months

This negotiated disposition reflects compromise between the parties, avoids litigation of contested enhancements, and acknowledges both the seriousness of the offense and mitigating circumstances present under § 3553(a).

### III. SENTENCING FACTORS (18 U.S.C. § 3553(a))

Post-*Booker*, the Guidelines are advisory, and the Court must impose a sentence that is "sufficient, but not greater than necessary" to meet the statutory purposes of sentencing. 543 U.S. 220 (2005). Courts must conduct an individualized assessment based on the § 3553(a) factors. See *Gall v. United States*, 552 U.S. 38, 50 (2007).

**A. The Nature and Circumstances of the Offense**

The offense is serious and involves substantial quantities of controlled substances. Mr. Taylor acknowledges this seriousness and has expressed remorse. Importantly:

- No violence or threats of violence occurred in connection with the charged conduct.
- No overdoses, injuries, or identifiable victims are attributable to the offense.
- A sentence of 188 months provides significant punishment and serves the goals of deterrence and community protection.

**B. History and Characteristics of the Defendant**

Section 3553(a)(1) permits the Court to consider the defendant's life circumstances in mitigation. See *Pepper v. United States*, 562 U.S. 476 (2011).

Relevant mitigating factors include:

- Traumatic environment: Mr. Taylor was raised in a high-violence area and witnessed shootings and substance abuse during childhood.
- Untreated gambling addiction: A longstanding disorder that escalated into thousands of dollars per month.
- Substance abuse history and willingness for treatment: He has completed prior treatment and seeks further rehabilitation (RDAP).
- Family responsibilities: Father of four who maintains contact and relationships with his children.
- Employment history: Recent gainful employment as a driver and as a restaurant manager.
- Medical needs: Knee surgery, chronic pain, sinus disorders.

The Supreme Court has emphasized that such factors, including addiction, upbringing, and rehabilitative potential, are valid grounds for variance. *Porter v. McCollum*, 558 U.S. 30 (2009).

## C. Need for the Sentence Imposed

An 188-month sentence meets the purposes of § 3553(a)(2):

- Just punishment: Over 15 years of imprisonment reflects the gravity of the offense.
- Deterrence: Research shows individuals released after age 50 have markedly reduced recidivism rates; an 188-month sentence ensures incapacitation through this high-risk period.
- Protection of the public: The length of the sentence and supervised release conditions provide a substantial safeguard.
- Rehabilitation: Placing Mr. Taylor in programs such as RDAP, vocational training, and mental health treatment aligns with *Tapia v. United States*, 564 U.S. 319 (2011).

**D. Avoiding Unwarranted Sentencing Disparities**

The agreed range fits within national norms for high-quantity non-violent fentanyl and methamphetamine trafficking cases.

A sentence of 188-months sentence avoids the extreme disparity that would result from imposing a Guidelines-range term of 30 years to life.

## IV. CONCLUSION

For the reasons outlined above, including the advisory Guidelines, the parties negotiated 11(c)(1)(C) agreement, and the mitigating circumstances presented under 18 U.S.C. § 3553(a), a sentence of:188 months of imprisonment is sufficient, but not greater than necessary to achieve the goals of sentencing.

Mr. Taylor respectfully asks the Court to:

- Impose a sentence of 188 months;
- Recommend RDAP;
- Recommend designation to a facility near Ohio, specifically FCI Morgantown to maintain family support;
- Recommend meaningful vocational, educational, and mental health programming.

        Respectfully submitted,

        */s/ Joseph P. Morse*
        JOSEPH P. MORSE (0073298)
        323 W. Lakeside Avenue, Suite 220
        Cleveland, Ohio 44114
        Phone: (216) 241-0520
        Fax: (216) 241-6961
        Email: jpm@jmorse-law.com
        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the forgoing was filed via the Court's electronic filing system on this 2nd day of December 2025, and served electronically to all parties involved via the PACER electronic service system.

                                         */s/ Joseph P. Morse*
                                         JOSEPH P. MORSE (0073298)
                                         *Attorney for Defendant*